1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

JAMES LYNN O'HINES,

12

Petitioner,

13

v.

14

J. ONTIVEROS, Ombudsman,

15

Respondent.

Civil No.     08-0697 DMS (LSP)

**ORDER DENYING IN FORMA
PAUPERIS APPLICATION AND
DISMISSING CASE WITHOUT
PREJUDICE**

16

17

18

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has
filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together single page

19

of his prison trust account statement, which this Court construes as a request to proceed in forma

20

pauperis.

21

**REQUEST TO PROCEED IN FORMA PAUPERIS**

22

The request to proceed in forma pauperis is denied because Petitioner has not provided

23

the Court with sufficient information to determine Petitioner's financial status.  A request to

24

proceed in forma pauperis made by a state prisoner must include a certificate from the warden

25

or other appropriate officer showing the amount of money or securities Petitioner has on account

26

in the institution.  Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2.  Petitioner has failed to

27

/ / /

28

/ / /

1    provide the Court with the required Prison Certificate. Accordingly, the Court **DENIES** the

2    request to proceed in forma pauperis.

3                    **FAILURE TO NAME A PROPER RESPONDENT**

4         Review of the Petition reveals that Petitioner has failed to name a proper respondent. On

5    federal habeas, a state prisoner must name the state officer having custody of him as the

6    respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28

7    U.S.C. foll. § 2254). "The 'state officer having custody' may be 'either the warden of the

8    institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

9    institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).

10        Here, Petitioner incorrectly named "J. Ontiveros, Ombudsman" as Respondent. In order

11   for this Court to entertain the Petition filed in this action, Petitioner must name the warden

12   *currently* in charge of the state correctional facility in which Petitioner is presently confined or

13   the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v.*

14   *United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

15               **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

16        Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set

17   forth in summary form the facts supporting each of the grounds . . . specified [in the petition]."

18   Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir.

19   1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made

20   conclusory allegations instead of factual allegations showing that he was entitled to relief).

21   Here, Petitioner has violated Rule 2(c). Although Petitioner does not fail to state generalized

22   constitutional grounds for relief, he does fails to provide specific, intelligible factual allegations

23   in support of such grounds.

24        While courts should liberally interpret pro se pleadings with leniency and understanding,

25   this should not place on the reviewing court the entire onus of ferreting out grounds for relief.

26   *Cf. Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have

27   entire onus of creating federal claim for petitioner). This Court would have to engage in a

28   tenuous analysis in order to attempt to identify and make sense of the Petition. In order to satisfy

1    Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v.*

2    *Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in</u>

3    <u>the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition,

4    whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334

5    (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the

6    respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565

7    (W.D. Okla. 1989). Here, the lack of coherent grounds for relief in the Petition prevents the

8    Respondent from being able to assert appropriate objections and defenses.

9         Due to Petitioner's unsatisfactory showing, the Court dismisses the action without

10   prejudice. Should Petitioner decide to file another petition, he is advised to *clearly and*

11   *succinctly* state all grounds for relief using the Second Amended Petition form sent to Petitioner

12   with this Order.

13                                          **<u>CONCLUSION</u>**

14        Based on the foregoing, Petitioner's request to proceed in forma puaperis is **DENIED** and

15   the Petition is **DISMISSED** for failure to satisfy the filing fee requirement, failure to name a

16   proper respondent, and failure to state grounds for relief in the Petition. In order to have this

17   case reopened, Petitioner must, <u>**no later than June 2, 2008,**</u> (1) either pay the filing fee or

18   provide adequate proof of an inability to pay, **and** (2) file a First Amended Petition which cures

19   the pleading deficiencies discussed above. *For Petitioner's convenience, the Clerk of Court*

20   *shall attach to this Order a blank application to proceed in forma pauperis form and a blank*

21   *First Amended Petition form.*

22        **IT IS SO ORDERED.**

23

24   DATED: April 23, 2008

25                                          _____

26                                          HON. DANA M. SABRAW
                                           United States District Judge

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28